IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **EDDIE LEE MITCHELL, #166264,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:23-CV-159-RAH |
| **LEIGH GWATHNEY,** *et al.*, | ) ) | |
| Defendants. | ) ) | |

**ORDER**

On August 1, 2024, the Magistrate Judge recommended this case should be dismissed prior to service of process for failure to state a claim on which relief may be granted. (Doc. 22.) On September 4, 2024, Plaintiff Eddie Lee Mitchell filed a *Motion for Reconsideration and to Allow Plaintiff to Amend Complaint a Second Time*. (Doc. 25.) The Court construes the Motion for Reconsideration as Objections to the Magistrate Judge's Recommendation and the Motion to Amend as a Motion for Leave to Amend. (*Id.*)

To the extent Plaintiff seeks leave to amend, the request is due to be denied. Under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading "with the opposing party's written consent or the court's leave." A district court "should freely give leave when justice so requires." *Id.* The district court may deny leave to amend when the proposed amendment would be futile. *See Hall v. United*

*Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004). An amendment is futile when the complaint as amended would still be subject to dismissal. *See id.* at 1263.

Plaintiff maintains he should be allowed to file a second amended complaint with a claim that the Defendants violated his right to due process when they granted and then rescinded his application for parole in July 2018. Specifically, he alleges the Defendants initially granted his request for parole, notified his family of the decision, and approved a home and work plan. He maintains that, shortly thereafter, the Defendants rescinded the decision without conducting a hearing. He argues that the initial granting of his request created a reasonable expectation of his release and therefore, he says, he should have received due process before being deprived of a legitimate liberty interest. Plaintiff's claim is barred by the statute of limitations. The alleged adverse decision about which Plaintiff complains occurred in 2018. Thus, the limitations period relating to the constitutionality of the July 2018 decision expired in July 2020. *See McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (constitutional claims brought under § 1983 are tort actions, subject to the State of Alabama's two-year statute of limitations). Consequently, the proposed amendment is futile. *See Hall*, *supra*.

The Court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made. *See* 28 U.S.C.

§ 636(b).  Upon this court's review and consideration of the arguments set forth in the Objections, the Court agrees with the Magistrate Judge's findings and analysis.

Accordingly, it is

ORDERED that:

1. The Motion for Leave to Amend (Doc. 25) is DENIED;

2. The Objections (Doc. 25) are OVERRULED;

3. The Recommendation (Doc. 22) of the Magistrate Judge is ADOPTED; and

4. This case is DISMISSED without prejudice.

A separate Final Judgment will be entered in accordance with this order.

DONE, on this the 18th day of September 2024.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE